WILLIAM C. DEMILLE PRODUCTIONS, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 53108, 61321. Promulgated May 31, 1934.

*A. Calder Mackay, Esq.*, for the petitioner.
*Mason B. Leming, Esq.*, and *R. J. Bopp, Esq.*, for the respondent.

828

829

OPINION.

Van Fossan: In this case it is necessary to peer into the mind of the taxpayer to determine its intent. In this process the declaration of the owning stockholder is important, but it is neither conclusive in its character nor exclusive of other evidence. In our search for corroboration or negation of the declarations, we may properly consider all other pertinent facts, the attendant circumstances and the normal inferences to be drawn therefrom. In short, though intent is a state of mind, it is nevertheless a fact to be proved and found as are other facts.

Section 220 of the Revenue Act of 1924 provides, in part, as follows:

SEC. 220. (a) If any corporation, however created or organized, is formed or availed of for the purpose of preventing the imposition of the surtax upon its shareholders through the medium of permitting its gains and profits to accumulate instead of being divided or distributed, there shall be levied, collected, and paid for each taxable year upon the net income of such corporation a tax equal to 50 per centum of the amount thereof, which shall be in addition to the tax imposed by section 230 of this title and shall (except as provided in subdivision (d) of this section) be computed, collected, and paid upon the same basis and in the same manner and subject to the same provisions of law, including penalties, as that tax.

Section 220 of the Revenue Act of 1926 and section 104 of the Revenue Act of 1928 are substantially identical.

To be subject to the additional tax the corporation must be formed or availed of for the purpose of avoiding surtaxes on its stockholders.

The record throws little light on the circumstances surrounding the formation of the corporation in 1923, but from such evidence as we have we would not be justified in concluding that it was specifically formed for the prohibited purpose. We must, therefore, examine the record to determine whether, in the taxable years, it was availed of for such purpose.

The year 1924 was the first year of substantial corporate operation. At the end of this year a surplus of $77,000 had been accumulated. DeMille testified that his sole purpose in accumulating a surplus was to strengthen the financial position of the company with a view to expanding activities and achieving independent production. It requires no argument to support the premise that the cited sections do not contemplate that a business should remain static; it must be assumed that any business shall have the right to grow. Necessarily incident to the exercise of this right are the making and pursuit of plans both as to organization and as to finances which will permit the accomplishment of the contemplated development.

Thus, with petitioner's ambition no fault is to be found. Nor is the election of the means of accomplishment, of itself, to be categorically condemned. If such purpose be truly sole and the amount so built up not in excess of the reasonable requirements of the business it would seem that a corporation was within its rights and does not violate the statute. The word "reasonable" is a relative term. What would be reasonable in one situation or for one business might be clearly unreasonable in another.

After carefully studying the entire picture, testing the declaration of intent by the rule of conduct and weighing the surplus accumulations by the scales of reasonableness, we are of the opinion that as to the years 1924 and 1925 the facts and inferences therefrom do not justify a conclusion that in these years the taxpayer corporation was availed of for the purpose interdicted by the statute.

In the year 1926 a new factor enters and demands our consideration. Previous thereto petitioner had loaned relatively small sums to its principal stockholder. Though these loans are suggestive, we do not deem them conclusive. In 1926, however, deMille had need of approximately $200,000 to effect a divorce settlement with his wife. Here again he turned to the corporation. Instead of distributing its surplus to himself as dividends, he caused the corporation to borrow $100,000 on a mortgage of its property and then in turn borrowed $195,000 from the corporation. This transaction we believe marked the crystallization of a new attitude toward the corporation and its utilization for the very purpose pro-

scribed by the statute. Since the company belonged to deMille it was open to him to have distributed the earnings to himself instead of borrowing in the manner indicated. Except for taxes, the practical net result both to the corporation and to deMille would have been substantially the same in both cases. He chose to borrow the surplus.

As stated by the court in *United Business Corp.* v. *Commissioner*, 62 Fed. (2d) 754, " these loans are incompatible with a purpose to strengthen the financial position of the petitioner but entirely accord with a desire to get the equivalent of his dividends under another guise."

Assuming that the accumulations during 1924 and 1925 were for a legitimate purpose, the loaning of this large sum marks the definite abandonment of that purpose and leaves us no alternative as to intent. The loan to deMille was made without security. Any repayment by deMille would have to be made chiefly out of his salary. That it was not seriously intended that the loan should ever be repaid may be deduced from the fact that although deMille received from petitioner between 1927 and 1932 payments of salary aggregating $200,000 his loan has not been reduced.

Furthermore, with the abandonment of any serious purpose to expand the business, the surplus, even if theretofore wholly reasonable, became definitely unreasonable for the needs of petitioner's business. We conclude that for the years 1926, 1927 and 1928 petitioner was availed of for the purpose of avoiding surtaxes on its stockholders.

Petitioner advances the Constitution as a bar. This defense has been fully considered in previous cases and the statute adjudged to be constitutional. *United Business Corp.* v. *Commissioner, supra; Williams Investment Co.* v. *United States*, 3 Fed. Supp. 225.

As to the minor issues of deduction, we sustain the respondent. As to some of the allegations of error no evidence was produced. As to the remainder, the evidence fails to overcome the presumption of correctness attaching to respondent's findings.

Reviewed by the Board.

*Decision will be entered under Rule 50.*

MORRIS and MATTHEWS dissent.